UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ESTES EXPRESS LINES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV2057 CDP |
| | ) | |
| ADVANTAGE MILLWORK | ) | |
| COMPANY, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Pending before me are plaintiff Estes Express Lines, Inc.'s motions for default judgment and for order to show cause. Estes initially filed this breach-of-contract action against defendants Advantage Millwork Company and Biltbest Products, Inc. on October 29, 2010. On February 8, 2011, Estes filed its proof of service on defendant Biltbest, but that proof of service indicated that service was upon Jessica Kever, who is purportedly designated by law to accept service of process on behalf of Biltbest. In any event, Biltbest failed to file any responsive pleading, so on March 1, 2011, I ordered Estes to file appropriate motions for default judgment against Biltbest. In that same Order, I also required Estes to show cause indicating why I should not dismiss its claims against defendant Advantage without prejudice for lack of timely service, because proof of service upon Advantage had not been filed.

On March 2, Estes filed its proof of service upon Advantage, which indicated that service was upon LaDonna King, who is purportedly designated by law to accept service of process on behalf of Advantage. However, despite being served on February 23, 2011, Advantage has yet to file any responsive pleading. Meanwhile, Estes filed a motion for default judgment against Biltbest on March 10, 2011, but there are several problems with that motion. First, pursuant to Fed. R. Civ. P. 55, Estes was first required to move for entry of default by the Clerk of the Court, but it has yet to do so. Second, Estes' evidence in support of default judgment – an affidavit from its Credit Supervisor – does not mention Biltbest, but rather only refers to Advantage.

I have concerns about entering default judgment against Biltbest when Estes presents no evidence supporting its claims against that particular defendant. I also am reluctant to enter default judgment against either defendant without knowing more about the identities of their designated agents for service of process, or about the relationship between the individuals served and the defendants. I will therefore deny Estes' pending motions without prejudice, and will give Estes an additional thirty days to file appropriate motions for entry of default and default judgment against both defendants, supported by all necessary affidavits and documentation. Estes is also reminded that, in filing for default judgment, it must comply with Fed. R. Civ. P. 55, it must support its motions with evidence about

the particular defendant against which it seeks default judgment, and it must address my concerns about its proof of service upon these defendants.

For these reasons,

**IT IS HEREBY ORDERED** that plaintiff Estes Express Lines, Inc.'s motion for default judgment [#10] and for order to show cause [#11] are denied without prejudice.

**IT IS FURTHER ORDERED** that, no later than **April 21, 2011**, Estes shall file appropriate motions for entry of default and for default judgment against defendants Biltbest Products, Inc. and Advantage Millwork Company, Inc., supported by all necessary affidavits and documentation, as well as proposed Orders for the Court's consideration.

Failure to comply with this Order may result in dismissal without prejudice.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of March, 2011.